IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael Anthony Breyan, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 8:24-cv-6483-BHH |
| v. ) | |
| ) | |
| Probate Court Judge, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court upon Plaintiff Michael A. Breyan's pro se ("Plaintiff") complaint filed pursuant to 42 U.S.C. § 1983, which was initially filed in the United States District Court for the Southern District of California. Because Plaintiff's claims involve alleged constitutional violations in South Carolina, the district court transferred this action to the United States District Court for the District of South Carolina in accordance with 28 U.S.C. § 1406(a). (ECF No. 3-1 at 2.) In accordance with Local Civil Rule 73.02(B)(2), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

On December 2, 2024, the Magistrate Judge issued a report and recommendation ("Report"), outlining the issues and recommending that the Court summarily dismiss Plaintiff's complaint without further leave to amend. (ECF No. 7.) Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy. On December 11, 2024, Plaintiff filed objections to the Report, and the matter is ripe for review. (ECF No. 10.) Plaintiff also filed the same motion for preliminary injunction in all of his pending cases, but his motion does not contain any allegations that pertain to this case. (ECF No. 11.)

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

In her Report, the Magistrate Judge explained that Plaintiff essentially challenges the validity of the probate court's finding that Plaintiff's mental condition warranted involuntary commitment, but such claims are barred by the *Rooker-Feldman* doctrine because Plaintiff, in effect, seeks appellate review of a state judgment in a United States District Court. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Additionally, the Magistrate Judge explained that even if Plaintiff's claims are not barred by the *Rooker-Feldman* doctrine, probate judges have absolute judicial immunity for judicial actions. (ECF No. 7.)

Plaintiff filed a single page of objections, wherein he asserts that the Constitution protects him from being held against his consent, and he asks to be released. (ECF No. 10.) He also asserts that, because he was not convicted, he is entitled to relief for false

imprisonment up to $5,000,000.00 for each day in custody. (*Id.*) Importantly, however, nowhere in his objections does Plaintiff specifically object to the Magistrate Judge's findings or otherwise point to any factual or legal errors findings in her analysis. For example, Plaintiff does not explain how his claims are not barred by the *Rooker-Feldman* doctrine or assert that the probate court judge is not entitled to judicial immunity. Ultimately, although Plaintiff's non-specific objections do not entitle him to de novo review, even giving him the benefit of the doubt and conducting a de novo review, the Court fully agrees with the Magistrate Judge's analysis and finds that this case is subject to summary dismissal for the reasons set forth in the Report, and the Court finds no merit to Plaintiff's objections.

**Accordingly, the Court hereby adopts and incorporates the Magistrate Judge's Report (ECF No. 7); the Court overrules Plaintiff's objections (ECF No. 10); the Court denies Plaintiff's motion for preliminary injunction (ECF No. 11); and the Court summarily dismisses this action without further leave to amend.**

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

March 13, 2025
Charleston, South Carolina